UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER GRIGG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:23-cv-03816 (UNA) |
| JOHN ROBERTS, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Petitioner, a resident of Montana, has filed a *pro se* complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons explained below, it dismisses this matter without prejudice. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff purports to sue the Chief Justice of the United States Supreme Court in his individual capacity, for alleged civil rights violations, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl. at 2–3. The allegations are difficult to follow. As far as it can be understood, plaintiff broadly contests determinations and other actions taken by local Montana courts, the Montana Supreme Court, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court. *See id.* at 4–5. He alleges that these local and federal courts have acted in concert to "cover up and deny" their "misuses of power." *See id.* at 4. Plaintiff further alleges that, due to his lack of success in those courts, he has suffered emotional distress, and lost "all goods, chattels, property & finances" and "two houses, contrary to the Trump Pandemic Moratorium/Governor Bullock Memo." *See id.* at 5. He demands that this court "overturn all Montana judgments," remove his status as a "vexatious

litigant," and "punish" various judges associated with those courts. *See id*. Plaintiff faces hurdles here that he cannot overcome.

First, federal district courts generally lack jurisdiction to review or otherwise interfere with the decisions and actions of state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Likewise, federal courts generally lack subject matter jurisdiction to review the determinations of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Therefore, plaintiff has no recourse in this District for the relief that he seeks.

Second, even if this court could exercise subject matter jurisdiction over plaintiff's intended claims, *Bivens* provides *only* for the recovery of monetary damages from a defendant sued in his individual capacity. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999) ("Both *Bivens* and § 1983 allow a plaintiff to seek money damages from government officials who have violated [constitutional] rights."); *Davis v. Passman*, 442 U.S. 228, 245 (1979) (under *Bivens*, "it is damages or nothing.") (citation and internal quotation marks omitted); *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages . . . If the [ ] defendant is found liable, he becomes personally responsible for satisfying the judgment[.]"). Accordingly, plaintiff's individual capacity suit for equitable relief cannot survive.

The court notes that, although the complaint is silent as to any demand for money damages, plaintiff appears to request $20 million on the face of his civil cover sheet. *See* Civil Cover Sheet, ECF No. 1-1, at 2. But, in any event, plaintiff cannot obtain damages against the named defendant

because a judge is immune from damages suit for actions taken in the performance of his duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Indeed, judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

      For all of these reasons, this case is dismissed without prejudice. A separate order of dismissal accompanies this memorandum opinion.

Date:   April 17, 2024

                                      *Tanya S. Chutkan*
                                      TANYA S. CHUTKAN
                                      United States District Judge